IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KENNETH WILLIAMS, #305762
        Petitioner      :

    v.                             :   CIVIL ACTION NO. AW-07-64

UNITED STATES ATTORNEYS OFFICE   :
et al.
        Respondents    :

**MEMORANDUM**

On January 5, 2007, Petitioner, presently detained pending trial on theft and uttering charges brought in the District of Columbia, filed a petition seeking to compel dismissal of those charges due to alleged violations of the Interstate Agreement on Detainers ("IAD"). Petitioner has provided information concerning his indigency (Paper No. 2), and accordingly will be given *in forma pauperis* status at this time. His petition will be construed as a habeas corpus request filed pursuant to 28 U.S.C. Section 2241. *See Norris v. Georgia*, 522 F.2d 1006, 1012 (4th Cir. 1975).

Petitioner complains that while in custody in Maryland, he repeatedly asked the District of Columbia authorities to bring him to trial, to no avail. He contends that the District's failure to act on his requests within the time specified under the IAD bars the District from now detaining him pending trial and requires dismissal of the theft and uttering charges.[1]

In Maryland, when a detainer is lodged against a prisoner in the custody of the DOC, he or she may invoke the protection afforded under the IAD by making a formal request for disposition of the charges. If the petitioner is not brought to trial within 180 days after the filing of the request for disposition, the charges may be dismissed by the court in which they are pending. *See* Md. Ann.

---

[1] Petitioner also indicates he sought disposition of traffic violation charges pending in Prince George's County, Maryland. Those charges do not appear to be at issue here.

Code. Art. 27, § 616D. The undersigned, however, lacks jurisdiction to consider whether the District of Columbia violated the deadline imposed by the IAD, because a district court considering a habeas corpus petition must have jurisdiction over the custodian of the prisoner. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973). Petitioner's custodian is the Warden of the Central Detention Facility of the District of Columbia. Any relief afforded Petitioner must therefore come from the District of Columbia courts.[2]

This Court lacks jurisdiction to consider Petitioner's claim. Accordingly, a separate Order will be entered dismissing the pending request for habeas corpus relief.

Date: January 24, 2007

/s/
Alexander Williams, Jr.
United States District Judge

---

[2] To the extent Petitioner intends to seek relief in those courts, he is advised that a petitioner seeking relief under §2241 must first exhaust available state court remedies. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U. S. 484, 490-91 (1973). In cases involving detainers for untried criminal charges this means, at a minimum, a) making a formal request for disposition under the IAD; 2) if not brought to trial within the specified time, filing a motion to dismiss in the state court proceedings; and 3) if an appeal is allowed by state law of the ruling on the motion to dismiss, appealing that decision to the highest state court with jurisdiction to hear the appeal. Petitioner claims he has filed several requests for disposition to District of Columbia authorities. Rather than bring him quickly to trial in the District or dismissing the theft and uttering charges, District authorities instead extradicted him after adjudication of a probation violation in Montgomery County, Maryland. It is unclear whether counsel representing him on the District of Columbia charges has filed a motion to quash the detainer in Superior Court, and if so, whether such motion has been decided.